UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

WESTERN PROTECTORS INSURANCE
COMPANY, an Oregon corporation,

    Plaintiff,

    v.

INSURANCE CORPORATION OF BRITISH
COLUMBIA,

    Defendant.

Case No. C08-5385 FDB

ORDER GRANTING DEFENDANT'S
MOTION TO DISMISS

This is a declaratory relief and bad faith action between two insurers. This matter comes before the Court on Defendant Insurance Corporation of British Columbia's Motion to dismiss. The Court, after reviewing all materials submitted by the parties and relied upon for authority, is fully informed and hereby grants the motion for the reasons stated below.

**Introduction and Background**

On September 9, 2004, Daniel Spivak, a Canadian citizen was fatally injured in Vancouver, Washington when he was crushed by a milling machine that was being loaded onto the bed of a trailer truck owned by his employer, Jade Holdings Ltd., a Canadian trucking company, located in

ORDER - 1

Kamloops, B.C. Mr. Spivak had been dispatched to pick up the milling machine at AC Specialties and deliver it to a destination in Canada. Employees of AC Specialties were involved in the loading process at the time of the accident. A wrongful death action was filed against the sole owner of AC Specialties, Arthur C. Nutter, individually and d/b/a AC Specialties.

AC Specialties is insured by Western Protectors Insurance Company (Western), an Oregon corporation. The Jade Holdings' vehicle driven by Mr. Spivak is insured with the Insurance Corporation of British Columbia (ICBC). ICBC is a Canadian Crown Sovereign corporation, a quasi-governmental entity formed under British Columbia law. ICBC operates and administers a plan of universal compulsory motor vehicle insurance as established under the British Columbia's Insurance (Motor Vehicle) Act. It is the position of Western that AC Specialties is potentially insured under the ICBC policy as a permissive user of the insured vehicle involved in an injury (death) arising out of the use of the insured vehicle.

Prior to the filing of the wrongful death action, Western and/or the Spivak Estate began efforts to secure a copy of the ICBC policy and information concerning the ownership of the truck tractor and trailer from ICBC and its Oregon adjusting company, Northwest Claims Service. On December 23, 2004, Mr. Nutter and Western requested certified copies of the ICBC policy insuring the Jade Holdings' vehicle. No response was forthcoming. A subsequent request was made on February 22, 2005. On March 1, 2005, Northwest Claims responded stating that there was no coverage. No policy was provided to the Spivak Estate or Western so that they could confirm the lack of coverage.

Thereafter, in July 2007, the Spivak Estate filed suit against AC Specialties and Mr. Nutter for wrongful death. Western stepped in to defend against the suit and tendered defense to ICBC claiming that the accident was covered by the ICBC policy issued to Jude Holdings, Ltd. In January, 2008, ICBC refused the tender of defense and indemnity.

In March 2008, Western filed this complaint for declaratory relief and bad faith against ICBC

ORDER - 2

in Clark County Superior Court.  ICBC removed the suit to this Court pursuant to diversity jurisdiction, 28 U.S.C. § 1322.

ICBC presently moves for dismissal of the action on the basis of (1) the lack of jurisdiction under the Foreign Sovereign Immunity Act (FSIA), (2) the lack of personal jurisdiction over ICBC, (3) insufficiency of service of process, and (4) forum non conveniens.

## Foreign Sovereign Immunity Act

The Foreign Sovereign Immunities Act is a comprehensive statute containing a set of legal standards governing claims of immunity in every civil action against a foreign state or its political subdivisions, agencies, or instrumentalities. Republic of Austria v. Altmann, 541 U.S. 677, 691 (2004).  The FSIA thus ordinarily provides the exclusive source of subject matter jurisdiction over suits involving foreign states and their instrumentalities, as foreign states are presumed to be immune from the jurisdiction of United States courts unless one of the Act's exceptions to immunity applies. Moore v. United Kingdom, 384 F.3d 1079, 1082 (9th Cir. 2004); Coyle v. P.T. Garuda Indonesia, 363 F.3d 979, 983 n. 5 (9th Cir. 2004).

Subject-matter jurisdiction for claims brought against foreign states under the FSIA is conferred by 28 U.S.C. § 1330(a), which provides that "[t]he district courts shall have original jurisdiction ... of any nonjury civil action against a foreign state as defined in section 1603(a) of this title as to any claim for relief in personam with respect to which the foreign state is not entitled to immunity either under sections 1605-1607 of this title or under any applicable international agreement."  Thus, federal courts have jurisdiction over foreign states as defendants under the FSIA only when the foreign state is not entitled to immunity; that is, when one of the statutory exceptions applies.  See Altmann, 541 U.S. at 691; Moore, 384 F.3d at 1083.

The language of section 1330(a) indicates that only parties within the definition of 'foreign state' are subject to the statute." Gould v. Aerospatiale Helicopter Corp., 40 F.3d 1033, 1034 (9th Cir. 1994).  Under FSIA the term "foreign state" includes a state's political subdivisions, agencies,

ORDER - 3

and instrumentalities. 28 U.S.C. § 1603(a). To qualify as an agency or instrumentality of a foreign state, an entity must be: (1) a separate legal person, corporate or otherwise; (2) an organ of a foreign state; and (3) neither a citizen of a State of the United States, nor created under the laws of any third country. 28 U.S.C. § 1603(b); Corporacion Mexicana de Servicios Maritimos, S.A. de C.V. v. M/T Respect, 89 F.3d 650, 656 (9th Cir.1996).

The ICBC asserts, and Western apparently concedes, that ICBC was created by the British Columbia Insurance Corporation Act and is an agency or instrumentality of British Columbia, a foreign state. See Dumont v. Saskatchewan Government Ins. (SGI), 258 F.3d 880, 884 n.6 (8th Cir. 2001)(insurer corporation created by political subdivision of Canada subject to FSIA jurisdiction requisites); California Dept. of Water Resources v. Powerex Corp., 533 F.3d 1087, 1098-1102 (9th Cir. 2008)(British Columbia corporation that marketed and distributed electric power was organ of foreign state for purposes of FSIA). Accordingly, ICBC is entitled to sovereign immunity and this Court lacks jurisdiction unless one of the statutory exceptions applies.

Plaintiff contends that the "commercial activity" exception precludes a finding of sovereign immunity. The FSIA's commercial activities exception defeats foreign sovereign immunity in cases

> in which the action is based upon a commercial activity carried on in the United States by the foreign state; or upon an act performed in the United States in connection with a commercial activity of the foreign state elsewhere; or upon an act outside the territory of the United States in connection with a commercial activity of the foreign state elsewhere and that act causes a direct effect in the United States.

28 U.S.C. § 1605(a)(2). "Commercial activity" is defined as a regular course of commercial conduct or a particular commercial transaction or act. The commercial character of an activity is to be determined by reference to the nature of the course of conduct or particular transaction or act, rather than by reference to its purpose. 28 U.S.C. § 1603(d). "[W]hen a foreign government acts, not as regulator of a market, but in the manner of a private player within it, the foreign sovereign's actions are 'commercial' within the meaning of the FSIA." Republic of Argentina v. Weltover, Inc., 504 U.S. 607, 612 (1992). A foreign state's issuance of insurance policies is a commercial activity within

ORDER - 4

the terms of the FSIA. See <u>Dumont v. Saskatchewan Government Ins. (SGI)</u>, 258 F.3d 880, 884 n.6 (8th Cir. 2001)(corporation created by political subdivision of Canada to provide insurance engaged in commercial activity for purposes of FSIA jurisdiction); <u>In re Air Crash Near Nantucket Island</u>, 392 F.Supp.2d 461, 468-69 (E.D. N.Y. 2005)(foreign state's issuance of insurance policy clearly a commercial activity). Under this analysis, ICBC's course of conduct in providing insurance coverage to vehicles registered in British Columbia is a "commercial activity" within the confines of the FSIA.

That the ICBC engaged in a commercial activity does not end the inquiry. The commercial activities exception further provides that foreign state immunity is defeated in actions based upon (1) commercial activity carried on in the United States by the foreign state; or (2) an act performed in the United States in connection with a commercial activity of the foreign state elsewhere; or (3) an act outside the territory of the United States in connection with a commercial activity of the foreign state elsewhere and that act causes a direct effect in the United States. 28 U.S.C. § 1605(a)(2)

It is evident that the conduct of the ICBC does not meet the requirements of the first two clauses. The business of providing insurance coverage to vehicles registered in British Columbia is not an activity carried on in the United States. Nor is the lawsuit based upon an act performed in the United States in connection with the issuance of insurance in British Columbia. Under this clause, a material connection must exist between the act of the foreign sovereign performed in the United States and plaintiff's cause of action. <u>Siderman de Blake v. Republic of Argentina</u>, 965 F.2d 699, 709 (9th Cir.1992). The ICBC issuance of vehicle insurance to its named insured, Jade Holdings is not an act performed in the United States.

Clause three allows for jurisdiction over claims based upon acts outside the United States in connection with commercial activity outside the United States where there are direct effects in the United States. Clause three lays out two relevant limitations on jurisdiction: (1) the effect must be "direct," and (2) the effect must be "in the United States." <u>Virtual Countries, Inc. v. Republic of South Africa</u>, 300 F.3d 230, 236 (2nd Cir. 2002). Under the direct effect requirement, mere financial

ORDER - 5

loss suffered by a person, whether individual or corporate, in the United States is not in itself, sufficient to constitute, "direct effect" within the exception. Siderman de Blake v. Republic of Argentina., 965 F.2d 699, 710 (9th Cir. 1992). However, in cases where a plaintiff's claim is for breach of a contract providing that payment or performance must be made in the United States, the "direct effect" requirement has been deemed satisfied. Id. There must be a connection between the plaintiff's cause of action and the commercial acts of the foreign sovereign before the commercial activity exception applies. Saudi Arabia v. Nelson, 507 U.S. 349, 358 (1993). An effect is "direct" if it follows as an immediate consequence of the defendant's activity. Weltover, 504 U.S. at 618.

Application of the "direct effect" exception in an action involving a foreign government controlled insurance company is found in In re Air Crash Near Nantucket Island, 392 F.Supp.2d 461 (E.D. N.Y. 2005). In that case the court held an aviation liability insurer (MISR) subject to federal court jurisdiction under the "direct effect" commercial activity exception to FSIA where the plaintiff aircraft manufacturer (Boeing) was a named additional insured in the insurance policy issued to EgyptAir and Boeing's claims were intertwined with the terms of Boeing's agreement with EgyptAir that were expressly incorporated into the insurance policy. Id., at 469. The incorporation into the policy of insurance of Boeing's manufacturing and delivery agreement with EgyptAir was an act taken in connection with the commercial activity of issuance of insurance. Id., at 470. These elements were sufficient to provide jurisdiction pursuant to the "direct effect" exception to sovereign immunity.

Similarly, the federal court in Dumont v. Saskatchewan Government Ins. (SGI), 258 F.3d 880, 884 n.6 (8th Cir. 2001), noted the "direct effect" in the United States being the procurement of automobile insurance coverage by the Canadian insureds for travel in the United States. The suit by the survivors of the insureds was based upon insurance coverage in the United States procured by the named insureds in Canada.

Thus, in the foreign state controlled insurance company context, Dumont and In re Air Crash

ORDER - 6

Near Nantucket Island demonstrate that only plaintiffs maintaining lawsuits based upon the formation of the insurance contract, those that are named insureds, may avail themselves of the commercial activity exception to the FSIA.

Western and AC Specialities do not exhibit the characteristics of the plaintiffs in Dumont or In re Air Crash Near Nantucket Island. In those cases the plaintiffs were named insureds in the policies of insurance and were involved in the procurement of the policies outside the United States. Here, Western and AC Specialities are strangers to the procurement of the policy of insurance. The present declaratory judgment action is not based upon the procurement and issuance of the policy of insurance. Rather, Western's action is based upon the acts of the policy holder, Jade Holdings Ltd. and its relationship with ICBC. Although related to the policy of the insurance issued to Jade Holdings in British Columbia, the suit by Western is not sufficiently connected to the commercial activity of ICBC to warrant disregard of sovereign immunity. The fact that employees of AC Specialties may have become entitled to coverage as permissive users of the insured vehicle is simply insufficient to constitute a direct effect in the United States. Accordingly, the commercial activity exception to sovereign immunity is not present and the Court lacks subject matter jurisdiction.[1]

**Conclusion**

For the above stated reasons, pursuant to the Foreign Sovereign Immunity Act this Court lacks jurisdiction over this lawsuit. The Insurance Corporation of British Columbia is entitled to

---

[1] The FSIA, 28 U.S.C. § 1330(b) provides that personal jurisdiction over a foreign state shall exist as to every claim for relief over which the district courts have subject-matter jurisdiction under subsection (a) where service has been made under 28 U.S.C. § 1608. Thus, personal jurisdiction, like subject-matter jurisdiction, exists only when one of the exceptions to foreign sovereign immunity applies. Argentine Republic v. Amerada Hess Shipping, 488 U.S. 428, 435 n3 (1989); Gupta v. Thai Airways Intern., Ltd., 487 F.3d 759, 761-62 n2 (9th Cir. 2007). There being no subject matter jurisdiction, the Court also lacks personal jurisdiction over the Insurance Corporation of British Columbia

ORDER - 7

sovereign immunity and entitled to dismissal of this action.

ACCORDINGLY;

IT IS ORDERED:

Defendant Insurance Corporation of British Columbia's Motion to Dismiss [Dkt. #9] is **GRANTED** for lack of subject matter and personal jurisdiction.

DATED this 22nd day of January, 2009.

FRANKLIN D. BURGESS
UNITED STATES DISTRICT JUDGE

ORDER - 8